IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL J. BUKOVINSKY, II,<br>Plaintiff,<br><br>v.<br><br>CHILDREN YOUTH SERVICES,<br><br>Defendant. | Civil Action No. 15-850<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 7th day of July, 2015, upon consideration of Plaintiff Paul J. Bukovinsky's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff Paul J. Bukovinsky ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, with prejudice. Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the pro se Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case and/or if the complaint fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010), and "[t]he burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

1

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). But, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

At the outset, the Court holds that it lacks subject matter jurisdiction over the instant claims against Children and Youth Services of Washington County under the *Rooker-Feldman* doctrine such that his § 1983 claims must be dismissed under Rule 12(h) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). That doctrine derives from two opinions issued by the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, "federal courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Application of the doctrine is narrowly restricted to "cases brought by

state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). In determining whether *Rooker-Feldman* applies to a particular claim or claims, the Third Circuit has established the following test:

> [T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

The *Rooker-Feldman* doctrine is not unfamiliar to Plaintiff. Indeed, his prior federal case filed against the Commonwealth of Pennsylvania was dismissed by this Court for several reasons, including that his claims were barred by the *Rooker-Feldman* doctrine and such decision was affirmed by the United States Court of Appeals for the Third Circuit. *See Bukovinsky v. Pennsylvania*, Civ. A. No. 11-934, *Report and Recommendation*, Docket No. 5, (W.D. Pa. Aug. 10, 2011) (Bissoon, M.J.), *Order of Court adopting Report and Recommendation*, Docket No. 7 (W.D. Pa. Sept. 30, 2011) (Fischer, J.), *aff'd*, 455 F. App'x 163 (3d Cir. 2011). Relevant here, this Court dismissed Plaintiff's prior lawsuit challenging state court judgments terminating his parental rights and adjudicating him in contempt of state court orders restricting contact with his minor child and her mother. *Id.* This Court also noted that at some point around 2009, Plaintiff was granted visitation rights vis-à-vis the minor child. *Id.* Nevertheless, the Court of Appeals held that the case was properly dismissed.

Plaintiff's present claims fare no better. To this end, the relief sought by Plaintiff in this case includes: the review and reversal of a state court order/judgment issued by the Honorable

3

Gary Gilman in the Washington County Court of Common Pleas in March of 2013 denying his "petition for emergency" wherein he sought custody of his child based on allegations that the child's mother injured her, a claim which CYS investigated and determined was "unfounded"; a declaration changing the standing custody order issued by the state court between him and the mother of his child based on the alleged abuse, i.e., removing the child from the custody of her mother and placing her in his care; the issuance of a protection from abuse order against the mother of his child from contact with him, the child and his family and friends; and an injunction against CYS to stop them from interfering with his parental rights. (*See* Docket No. 1-1). Plaintiff is also seeking a monetary judgment of $200,000.00 against CYS under 42 U.S.C. § 1983 alleging largely unspecified violations of his constitutional rights under the 4th, 6th, 8th and 14th amendments to the United States Constitution. (*Id.*). Plaintiff seeks compensation for the pain and suffering he has purportedly sustained due to the fact that CYS refuses to request that the state court remove his minor child from her mother, based upon the information caseworkers received about the minor injury the mother caused to his child and was deemed "unfounded" child abuse. (*Id.*). Overall, the Court finds that these allegations and the relief claimed therefrom fall squarely within each of the established criteria under *Rooker-Feldman* noted above and that the Court must dismiss this case for lack of subject matter jurisdiction. *See e.g., Kahil v. New Jersey Division of Child Protection and Permanency*, 594 F. App'x 88, 91 (3d Cir. 2015) ("Here, however, Khalil directly attacks the state-court judgment, claiming that it erroneously terminated his parental rights as the result of allegedly false accusations, concealed facts, and wholly fabricated statements on the part of the DCP & P employees. It is therefore impossible for us to grant Khalil relief without concluding that the foundation for the state court's opinion was incorrect, thereby rejecting the state court's judgment regarding his parental rights. This result is barred by the *Rooker–Feldman*

doctrine.").

Further, to the extent that Plaintiff's claims are not subject to dismissal under *Rooker-Feldman*, in whole or in part, any such remaining claims must be dismissed for failure to state a claim upon which relief can be granted. It is well established that § 1983 claims are subject to a two-year statute of limitations and under the "Third Circuit rule" may be dismissed sua sponte if it is clear from the face of the complaint that they are time-barred. *See Brown v. Buck*, --- F. App'x, ---, 2015 WL 364466, at *2 (3d Cir. Jun. 15, 2015) (quotations omitted) ("When screening a complaint under section 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required" and "[f]or section 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued."). Here, it is clear from the face of the Complaint and the documents attached to same that any § 1983 claims emanating from CYS' determination that the child abuse claims against the mother were "unfounded" and the denial of Plaintiff's emergency motion in the state court accrued as of at least March or April of 2013, or more than two years prior to the initiation of this federal lawsuit via the petition for in forma pauperis Plaintiff filed with this Court on June 30, 2015. *Cf. Mumma v. High-Spec, Inc.*, 400 F. App'x 629, 632 (3d Cir. 2010) (continuing violation doctrine does not apply to "continual ill effects of the original violation" or when plaintiff is "aware of the injury at the time it occurred."); *see also Crawford v. Washington County Children and Youth Services*, 353 F. App'x 726 (3d Cir. 2009) (same). In fact, after the state Judge entered the order in March of 2013, the unfounded child abuse report was forwarded to Plaintiff under a cover letter dated April 8, 2013, having been sent to him "upon his request." (Docket No. 1-1, Pl. Ex. 14). Accordingly, Plaintiff was fully aware of the facts underlying his claims more than two years ago and his § 1983

5

claims must be dismissed as time-barred.[1]

Next, Plaintiff has not sought liability or damages directly against any individual caseworkers, (although a few are mentioned by name in the body of his complaint), and has sued only CYS. But, "a governmental agency can only be liable under section 1983 if its officers either: (1) officially adopted an unconstitutional policy, custom or practice; or (2) if a governmental custom creates a constitutional deprivation." *Blake v. Washington Cnty.*, Civ. A. No. 10-793, 2010 WL 5140617, at *4 (W.D. Pa. Dec. 9, 2010) (citing *Studli v. Children & Youth and Families Central Regional Office*, 346 F. App'x. 804 (3d Cir. 2009), *which quoted Monell v. Department of Social Services*, 436 U.S. 658 at 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Governmental agencies may not be subject to liability under a respondeat superior theory; rather, an affirmative link between the constitutional violation alleged and the act or decision fairly attributable to a policy-making employee must be established demonstrating that the policy or custom actually caused the Plaintiff's injury. *Id.*; *cf. Jackson v. City of Pittsburgh,* 2011 WL 3443951, at *27 (W.D. Pa. Aug. 8, 2011), *aff'd*, 492 F. App'x 297 (3d Cir. 2012) (citation omitted) ("In order for Plaintiff to prevail under a *Monell* claim, he was required to prove that the Defendant Officers committed a constitutional violation and that the [municipality's] policy or custom actually caused his constitutional injury.").

---

[1] The Court notes that Plaintiff's Complaint refers persistently to alleged prior instances of abuse of the child by the mother in the timeframe of 2006-2007, and any claims arising from such facts are also clearly time-barred under the same guiding principles. Moreover, such facts were the subject of Plaintiff's prior lawsuit which – again – was dismissed by this Court and affirmed by the United States Court of Appeals for the Third Circuit. *See Bukovinsky v. Pennsylvania*, Civ. A. No. 11-934, *Report and Recommendation*, Docket No. 5, (W.D. Pa. Aug. 10, 2011) (Bissoon, M.J.), *Order of Court adopting Report and Recommendation*, Docket No. 7 (W.D. Pa. Sept. 30, 2011) (Fischer, J.), *aff'd*, 455 F. App'x 163 (3d Cir. 2011). In particular, the Court comments that Plaintiff attempts for the second time to rely on an email that was purportedly sent by the mother to him wherein she allegedly admitted that she abused the child previously. (*See* Docket No. 1-1). However, Plaintiff was prosecuted in state court for crimes arising from that email including that he fabricated the email using phishing software and later pled no contest to such charges. As this Court previously held, Plaintiff is barred by *Heck v. Humphrey* 512 U.S. 477 (1994) from relying on the substance of this email to demonstrate that the mother made those statements or sent the email. *See Bukovinsky*, *supra*. No further discussion of same is necessary.

After liberally construing the allegations in Plaintiff's Complaint, the Court holds that he has failed to state a claim that his injuries were actually caused by an unconstitutional policy, custom or procedure of CYS. (Docket No. 1-1). Instead, he merely alleges that the caseworkers failed to diligently pursue the child abuse claim against the mother of his child, disagrees with their assessment that the allegations should have resulted in an "unfounded" determination and that after a hearing was held upon his petition for emergency, a state Judge denied the relief he requested which – again – he seeks this Court to reverse or overrule. (*Id.*). Plaintiff also vaguely asserts that CYS of Washington County maintains a policy to preclude child abuse cases from being heard in court but admits that Judge Gilman considered his petition and denied the relief he requested from the state court. (*Id.*). These types of allegations do not suffice to establish a plausible claim of liability against CYS under *Monell*. *See e.g.*, *Miller v. Office of Children, Youth and Families of Allegheny County*, --- F. App'x ---, 2015 1321473, at *3 (3d Cir. Mar. 25, 2015) ("the District Court properly dismissed Miller's complaint in its entirety because he failed to allege that the deprivation of his rights resulted from any official policy or custom of CYF, the only defendant.").

Finally, the Court holds that despite the fact that this is a civil rights complaint, any leave to amend by Plaintiff would be futile given that his claims are barred by the *Rooker-Feldman* doctrine and/or the statute of limitations, defects which cannot be cured by an amended pleading, for reasons stated herein. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

Accordingly, Plaintiff's Complaint [1-1] is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Complaint and the attachments thereto are hereby removed from public view as Plaintiff's submissions contain his minor child's name,

confidential medical records of his child, and personal identifiers of himself, the child, and the child's mother, all of which are filed on the Court's CM/ECF electronic filing system in violation of Local Rule 5.2.D.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Paul J. Bukovinsky, II
Post Office Box 225
94 Highland Avenue
Avella, PA 15312
(Regular & Certified Mail)